(14 Misc. Rep. 402.)

BALLOU v. ORR.

(City Court of Brooklyn, General Term. November 25, 1895.)

LANDLORD AND TENANT—ASSIGNMENT OF LEASE—OVERDUE RENT.

When an assignment of a lessee's interest in a lease does not covenant that the rent is paid to the date of assignment, the assignee has no claim against the assignor for overdue rents. Alford v. Cobb, 35 Hun, 651, followed.

Appeal from special term.

Action by Henry B. Ballou against John C. Orr. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Sproull, Harmer & Sproull, for appellant.

Cannon & Atwater, for respondent.

CLEMENT, C. J.    The appellant, in his complaint, alleged that on or about October 2, 1891, the respondent, Orr, by an agreement in writing, rented from John M. Cunningham and others certain real property in this city, situated on the westerly side of Franklin street, for a term of three years and two months from September 1, 1891, and thereupon entered and occupied the said premises; that by the said lease it was agreed by Orr that he would pay the annual rent in quarterly payments of $125 each on the 1st days of November, February, May, and August in each year, and that, if he or his assigns failed to pay the rent when due, the lessors could re-enter the demised premises.    The appellant further alleged in his complaint that on or about October 22, 1891, one Bragaw sublet the said premises from Orr, and paid him the rent due during the period of such subletting, and included in such payments was payment for the quarter from August 1, 1892, to November, 1, 1892.    It is then set forth in the complaint that Orr failed to pay the rent to his lessors, Cunningham and others, for the quarter ending October 31, 1892, and that on the last day of the quarter, Orr, by an agreement under seal, and with the consent of his lessors, assigned to Bragaw "all his right, title, and interest in and to the aforesaid lease"; that thereafter, and on or about November 3, 1892, Cunningham and others threatened to dispossess Bragaw unless he paid the rent for the quarter ending October 31, 1892, and thereupon he (Bragaw) requested Orr to pay such rent, who refused so to do, and that on November 11th Bragaw paid such rent; that thereafter Bragaw again demanded of Orr the payment of said sum of $125, and subsequently Bragaw assigned his claim against Orr to this plaintiff.    The defendant demurred to the complaint on the ground that no cause of action was stated against the defendant.    The demurrer was sustained at special term, and plaintiff took this appeal.

We are of opinion that Bragaw, as assignee of the lease, although he had been a subtenant of Orr for a year prior to the assignment, and, as such subtenant, had paid his rent, acquired no greater right than a stranger.    He had enjoyed the use of the premises demised to him for the full term for which he had paid rent.    In so far as the subtenancy is concerned, the fact that Orr, for three months of the time, did not pay his rent, is immaterial.    The complaint should be considered as if the allegations as to the subletting and the payment of rent by the subtenant were stricken out.    The question is then presented whether or not, if a lessee assigns his right, title, and interest in a lease when he is in default for rent, his assignee, after paying the same to avoid summary proceedings, has a claim against the assignor.    The complaint does not even show that Bragaw did not know that the rent was unpaid when he took the assignment.    Again, the complaint does not show that in making the bargain for the transfer the unpaid rent was not considered in fixing the consideration.    The right, title, and interest of Orr on November 1st was the right to remain in possession, provided rent was paid in accordance

with the terms of the lease, whether overdue or to become due in the future. A covenant that the rent is paid is usually inserted in an assignment of a lease, and, in the absence of a covenant, none can be implied, particularly when the assignment, on its face, only transfers the right, title, and interest of the party in the lease. The case of Alford v. Cobb, 35 Hun, 651, is almost directly in point on the question involved in this appeal, and we follow that case in our conclusion.

Judgment affirmed, with costs.